UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YASMANI GURRI RUBIO,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants*.

Civil Action No. 25 - 52 (LLA)

**MEMORANDUM OPINION AND ORDER**

In April 2025, this court granted Plaintiff Yasmani Gurri Rubio's motion to voluntarily dismiss this case. ECF No. 54. Mr. Gurri Rubio now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), ECF No. 55, and he has filed three supplemental memoranda in support of his motion, ECF Nos. 59, 61-1, 64-1. Defendants have not filed a response. For the reasons explained below, the court will deny Mr. Gurri Rubio's Rule 59(e) motion.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In January 2025, Mr. Gurri Rubio filed a 255-page, 1,262-paragraph complaint against the District of Columbia and several of its officers and employees (the "District Defendants") and two federal judges and the Clerk of Court of the U.S. District Court for the District of Columbia (the "Federal Defendants"). ECF No. 1. Mr. Gurri Rubio alleged "severe and ongoing violations of fundamental rights committed by the defendants under color of law" under various federal statutes and constitutional provisions, including "a systemic pattern of abuse of power by public officials." *Id.* ¶¶ 1-2. After Mr. Gurri Rubio filed an affidavit of service on the District Defendants, ECF

No. 5, the Clerk of Court entered a default against the District of Columbia, its Mayor, and its Attorney General, ECF No. 11.  The District Defendants then moved to set aside the default on the ground that they had not been properly served.  ECF No. 22.

While the District Defendants' motion was pending, Mr. Gurri Rubio filed an amended complaint raising sixteen claims.  ECF No. 34.  Mr. Gurri Rubio's claims concern the alleged delays and "procedural abuses" that he suffered in two other proceedings in this court.  *Id.* ¶¶ 25-118; *see Gurri Rubio v. District of Columbia*, No. 23-CV-719 (D.D.C. Dec. 3, 2024), *aff'd*, No. 24-7183 (D.C. Cir. Apr. 22, 2025) (per curiam); *Gurri Rubio v. Moss*, No. 24-CV-2872 (D.D.C. Jan. 7, 2025).  Specifically, Mr. Gurri Rubio argues that Defendants "deprived [him] of a fair and equal opportunity to litigate his claims in an impartial tribunal," ECF No. 34 ¶ 138, and "engaged in a coordinated conspiracy to obstruct justice and deprive [him] of his constitutional rights," *id.* ¶ 176; *see id.* ¶¶ 119-305.

As Mr. Gurri Rubio's amended complaint superseded the original complaint, the court vacated the Clerk's entry of default against the District Defendants and directed Mr. Gurri Rubio to "effect service of the amended complaint on all Defendants and file proof of service on the docket on or before April 8, 2025."  First Mar. 4, 2025 Minute Order.  Mr. Gurri Rubio subsequently filed several motions: two motions to disqualify the undersigned, ECF Nos. 44, 52; a motion for leave to proceed *in forma pauperis*, ECF No. 45; a motion to correct procedural inconsistencies in the court's deadline reinstatements and to either reinstate the ninety-day service deadline or restore the default, ECF No. 48; a motion to request involuntary dismissal, ECF No. 50; and a motion for reconsideration of the court's "premature acceptance" of his amended complaint, ECF No. 51.

Mr. Gurri Rubio did not timely file proof of service and instead filed a motion on April 10, 2025, requesting that the court either "immediately" dismiss the case or "resolv[e] all pending motions, revers[e] [the court's] procedural violations, and restor[e] Plaintiff's due process and constitutional rights." ECF No. 53, at 6-7.  The court granted Mr. Gurri Rubio's motion to dismiss, noting that Mr. Gurri Rubio had admitted that he had not served the amended complaint, and it dismissed the case without prejudice.  ECF No. 54, at 2; *see* ECF No. 53 ¶ 3 ("[T]he failure to effectuate service by [April 8] should have resulted in the automatic dismissal of the case under Rule 4(m).").  The court denied Mr. Gurri Rubio's other pending motions as moot.  ECF No. 54, at 2; *see* ECF Nos. 44, 45, 48, 50 to 52.

Four days after the court's dismissal, Mr. Gurri Rubio filed a motion to alter or amend the court's judgment pursuant to Federal Rule of Civil Procedure 59(e).  ECF No. 55.  Defendants did not file an opposition.  Mr. Gurri Rubio subsequently requested leave to file two supplemental memoranda in support of his Rule 59(e) motion, ECF Nos. 57, 60, which the court granted, *see* May 20, 2025 Minute Orders; June 12, 2025 Minute Order.[1]  In July and August 2025, Mr. Gurri Rubio sought leave to file several motions regarding the delay in the court's ruling on his Rule 59(e) motion and to file a third memorandum in support of that motion.  ECF Nos. 62 to 66.  The court granted Mr. Gurri Rubio leave to file his motions, ECF Nos. 62, 64 to 66; *see* November 20, 2025 Minute Orders.[2]

---

[1] Mr. Gurri Rubio filed additional motions for leave to file supplemental memoranda, ECF Nos. 58, 61, which appeared to be duplicates of the motions for which the court granted leave to file on May 20 and June 12, 2025, *see* ECF Nos. 57, 60.

[2] The court denied as moot ECF No. 63, which appeared to be a duplicate of ECF No. 62.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend judgment within twenty-eight days of the entry of judgment.  Such relief is only warranted in "extraordinary circumstances."  *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 77 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015).  A party may not use a Rule 59(e) motion to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).  And a Rule 59(e) motion that "repeat[s] unsuccessful arguments," *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 34 (D.D.C. 2013), or is made based on "[m]ere disagreement" with the court's judgment, will not prevail, *Wannall v. Honeywell Int'l, Inc.*, No. 10-CV-351, 2013 WL 12321549, at *3 (D.D.C. Oct. 24, 2013) (alteration in original) (quoting *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)).

A district court "need not" grant a Rule 59(e) motion "unless [it] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  In assessing "clear error" in the Rule 59(e) context, "courts have required 'a very exacting standard,' . . . such that the 'final judgment must be "dead wrong" to constitute clear error.'"  *Wannall*, 2013 WL 12321549, at *3 (first quoting *Bond v. U.S. Dep't of Just.*, 286 F.R.D. 16, 22 (D.D.C. 2012); then quoting *Lardner v. Fed. Bureau of Investigation*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)).  Likewise, "manifest justice" is an "exceptionally narrow concept in the context of a Rule 59(e) motion," and

it "entail[s] more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Id.*

### III. DISCUSSION

Mr. Gurri Rubio asserts that in his previous motion, ECF No. 53, he gave the court the option to either (1) dismiss his case under Federal Rule of Civil Procedure 4(m) or (2) correct all pending procedural violations and "restore[]" his constitutional rights, ECF No. 55, at 2. Mr. Gurri Rubio argues that, by choosing the first option and dismissing the case, the court "inadvertently admitted the full legal and constitutional content of [his] motion [to dismiss], including the recognition of black-letter law violations, procedural inconsistencies, and breaches of First and Fifth Amendment rights." ECF No. 55, at 3, 5-6. He further contends that the court misconstrued his motion to dismiss, *id.* at 2-4; violated due process by ignoring his other motions and dismissing them as moot, *id.* at 4-5, 8-9; and made various other procedural errors throughout the case, *id.* at 5-9. Mr. Gurri Rubio thus argues that the court's judgment should be altered or amended "based on both clear legal error and the need to prevent manifest injustice." ECF No. 59, at 2; *see* ECF Nos. 55, 61-1, 64-1.[3]

---

[3] The court will consider all of Mr. Gurri Rubio's filings in support of his Rule 59(e) motion, although it notes that his supplemental memoranda likely do not meet the Rule 15(d) standard for supplemental pleadings. Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that *happened after the date of the pleading to be supplemented*." Fed. R. Civ. P. 15(d) (emphasis added). Here, Mr. Gurri Rubio's supplemental memoranda do not set out any events that occurred after the date that he filed his Rule 59(e) motion—rather, they expand on the arguments raised in his motion. Nevertheless, the court will consider all of Mr. Gurri Rubio's filings in light of his pro se status. *See Chien v. U.S. Sec. Exch. Comm'n*, No. 17-CV-2334, 2020 WL 5763578, at *1 (D.D.C. Sep. 28, 2020) (exercising the court's discretion to consider a pro se plaintiff's filings in ruling on his motion for reconsideration); *see also Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015) (explaining that a district court errs in failing to

(*continued on next page*)

As noted, "courts have required . . . that the 'final judgment be "dead wrong" to constitute clear error,'" *Wannall*, 2013 WL 12321549, at *3 (quoting *Lardner*, 875 F. Supp. 2d at 53), and that manifest injustice "entail more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law," *id.*  Here, Mr. Gurri Rubio fails to make either showing.

To begin, Mr. Gurri Rubio's assertion that, in dismissing the case, the court implicitly "bound itself to the full record of factual and legal assertions that supported that motion," ECF No. 55, at 6, is patently false.  In any event, Mr. Gurri Rubio's arguments fail on their own terms. Mr. Gurri Rubio appears to argue that: (1) the court never granted him leave to amend his complaint, rendering his amended complaint procedurally invalid and inoperative; (2) the court therefore had "no legal basis to reset the service deadline" and "fabricated a service deadline under Rule 4(m)"; and (3) the court subsequently "dismissed the case for failure to comply with that unlawful deadline," which Mr. Gurri Rubio argues was a calculated move to favor Defendants. ECF No. 64-1, at 3-9; *see* ECF No. 61-1, at 2-3.  Even though Mr. Gurri Rubio requested dismissal on the ground that his failure to effectuate service violated Rule 4(m), he asserts that this request was actually a "trap" because he was never subject to Rule 4(m)'s service requirement in the first place.  ECF No. 55, at 1.

These arguments fail for the simple reason that Mr. Gurri Rubio's amended complaint was the operative complaint.  Pursuant to Federal Rule of Civil Procedure 15, the court should freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a).  "[T]he grant or denial of leave to amend is committed to a district court's discretion," *Firestone*, 76 F.3d at 1208, which

---

consider a pro se litigant's complaint "in light of" all filings (quoting *Richardson v. United States*, 1983 F.3d 545, 548 (D.C. Cir. 1999))).

6

includes the ability to grant leave *sua sponte* when a party has not moved for leave to amend, *see BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 26 (D.D.C. 2015).  As relevant here, the court's discretion also includes the ability "to retroactively grant a party leave to file an amended pleading." *Khodeir v. Sayyed*, 323 F.R.D. 193, 196-97 (S.D.N.Y. 2017).  Accordingly, there was nothing procedurally improper in the court's acceptance of Mr. Gurri Rubio's amended complaint nor with the court's imposition of a deadline for serving the amended complaint.

Mr. Gurri Rubio also takes issue with the court's "false[] portray[al] [of his] motion as a request for voluntary dismissal."  ECF No. 64-1, at 8; *see* ECF No. 55, at 2-4.  He asserts that he deliberately filed his motion to dismiss with "conditional phrasing, anticipating that the Court would misinterpret or selectively apply it."  ECF No. 55, at 1-2.  As Mr. Gurri Rubio recognizes, however, his motion offered two "options" to the court, *id.* at 2, so the court was under no obligation to accept the second one.  Moreover, Mr. Gurri Rubio cannot now take back the assertions he made in his motion to dismiss because he wishes to alter or amend the court's judgment.  *See Foster v. Sedgwick Claims Mgmt. Servs., Inc.*, 159 F. Supp. 3d 11, 13-14 (D.D.C. 2015), *aff'd*, 842 F.3d 721 (D.C. Cir. 2016) (rejecting a plaintiff's "contradictory litigation position in a Rule 59(e) motion").  Mr. Gurri Rubio previously stated that he "respectfully request[ed] dismissal . . . to . . . allow immediate appeal of the Court's refusal to act in accordance with the law."  ECF No. 53 ¶ 9.  In his own words, the appropriate next step for Mr. Gurri Rubio, if he continues to disagree with this court's disposition, is to appeal.

As for his remaining arguments, Mr. Gurri Rubio attempts to "raise arguments . . . that [were or] could have been raised prior to the entry of judgment."  *Exxon Shipping Co.*, 554 U.S. at 485 n.5 (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1).  It is well-established that when a court dismisses an action, "there is no longer any controversy over

7

the merits of [any] pending motions," rendering those motions moot. *WildEarth Guardians v. Haaland*, No. 21-CV-175, 2022 WL 1773480, at *9 (D.D.C. June 1, 2022) (granting the plaintiffs' motion for voluntary dismissal and denying pending motions as moot). The court has also already rejected Mr. Gurri Rubio's challenges to the court's vacatur of the default. ECF No. 59, at 3-6; *see* Mar. 5, 2025 Minute Orders (explaining that "[w]hen an amended complaint becomes operative, a default entered as to the prior complaint is generally deemed mooted" (quoting *Mwani v. Al Qaeda*, 600 F. Supp. 3d 36, 53 (D.D.C. 2022))).

In sum, the court finds no clear error or manifest injustice arising from a disposition that Mr. Gurri Rubio himself requested. *See* ECF No. 53, at 6-7 (arguing that "the court must either dismiss or correct—immediately" (emphasis omitted)).

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Mr. Gurri Rubio's Motion to Alter or Amend Judgment, ECF No. 55, is **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   November 20, 2025