UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YASMANI GURRI RUBIO,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants*.

Civil Action No. 25 - 52 (LLA)

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff Yasmani Gurri Rubio's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. ECF No. 77. Mr. Gurri Rubio, proceeding pro se, seeks vacatur of the court's April 2025 dismissal of his case, denial of his Rule 59(e) motion for reconsideration, and "all related minute orders and ancillary rulings." ECF No. 77, at 1-2. For the reasons explained below, the court will deny the motion.

Mr. Gurri Rubio brought this action against the District of Columbia and several of its officers and employees (the "District Defendants") and two federal judges and the Clerk of Court of the U.S. District Court for the District of Columbia (the "Federal Defendants"). ECF Nos. 1, 34. The court dismissed the case in April 2025, ECF No. 54, after Mr. Gurri Rubio filed a motion requesting that the court either "immediately" dismiss the case or "resolv[e] all pending motions, revers[e] [the court's] procedural violations, and restor[e] Plaintiff's due process and constitutional rights," ECF No. 53, at 6-7. Shortly thereafter, Mr. Gurri Rubio filed a motion to alter or amend the court's judgment pursuant to Rule 59(e), which he subsequently supplemented multiple times. ECF Nos. 55, 59, 61-1, 64-1. The court denied the motion, finding "no clear error or manifest

injustice arising from a disposition that Mr. Gurri Rubio himself requested." ECF No. 67, at 8. Mr. Gurri Rubio then filed a notice of appeal to the U.S. Court of Appeals for the D.C. Circuit. ECF No. 68. The same day, he filed a motion for relief from judgment pursuant to Rule 60 on account of legal errors, fraud, void judgment, and extraordinary circumstances. ECF No. 70; *see* Fed. R. Civ. P. 60(b)(1), (3), (4), (6). Mr. Gurri Rubio subsequently moved for leave to appeal *in forma pauperis*, ECF No. 75, and withdrew his Rule 60 motion because he wished to "proceed directly to appeal," ECF No. 76. He then filed another motion for relief from judgment pursuant to Rule 60, this time based only on legal errors. ECF No. 77; *see* Fed. R. Civ. P. 60(b)(1).

Rule 60(b)(1) grants the court discretion to "relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[I]t is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled . . . ." *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 81 (D.D.C. 2015) (internal quotation marks omitted) (quoting *Est. of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)). "[T]he decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the District Court." *Kareem v. Fed. Deposit Ins. Corp.*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (alteration in original) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)). Motions for reconsideration are disfavored and granted only in extraordinary cases. *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011).

Mr. Gurri Rubio's Rule 60 motion presents arguments that this court has already considered and rejected. Specifically, Mr. Gurri Rubio argues that the court erred in treating his amended complaint as the operative complaint, imposing service deadlines based on that amended complaint, and failing to explain its reasoning. ECF No. 77, at 4-8. He argues that the court's

"procedural and dispositive rulings in this case . . . are all infected by the same" erroneous imposition of a service deadline in violation of the Federal Rules of Civil Procedure. *Id.* at 9. However, these same issues were raised in his Rule 59 motion and supplements to it, *see* ECF No. 55, at 5-7 (challenging the court's "judicially created [service] deadline" and violation of Rule 15(a)); ECF No. 61-1, at 2-3 (challenging the court's "acceptance of an unauthorized amended complaint"); ECF No. 64-1, at 3-9 (same), and rejected by this court, *see* ECF No. 67, at 6-7. Indeed, in Mr. Gurri Rubio's own words, he "has already placed the Court on explicit notice of these mistakes through prior filings." ECF No. 77, at 10. While it is true that Rule 60(b)(1) reaches "all mistakes of law made by a judge," *Kemp v. United States*, 596 U.S. 528, 533 (2022), Mr. Gurri Rubio has not demonstrated any errors in the court's reasoning and instead attempts to "reargue facts and theories upon which [this] court has already ruled," *Ali*, 309 F.R.D. at 81 (quoting *Gaither*, 771 F. Supp. 2d at 10).

Accordingly, it is hereby **ORDERED** that Mr. Gurri Rubio's Motion for Relief From Judgment, ECF No. 77, is **DENIED**.[1]

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:  December 19, 2025

---

[1] The court will deny Mr. Gurri Rubio's other pending motions, ECF Nos. 71, 73, 74, as moot because the court has already ruled on Mr. Gurri Rubio's Rule 59(e) motion, *see* ECF No. 67.